VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      26-AP-101



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2026

| | |
|---|---|
| Jeffrey Rivard\* v. Windham State Attorney and State of Vermont | APPEALED FROM:<br><br>Superior Court, Windham Unit,<br>Civil Division<br>CASE NO. 25-CV-02411<br>Trial Judge: John Treadwell |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from the civil division's order denying his motion for relief from judgment.  We affirm.

In 2025, plaintiff sued the State, the Department of State's Attorneys and Sheriffs, the Windham County State's Attorney's Office, and Deputy State's Attorney Johns Congdon.\* Plaintiff alleged that defendants abused legal process and maliciously prosecuted him by charging him with violating a no-trespass order issued by his child's school.  Defendants moved to dismiss, asserting absolute and sovereign immunity and failure to state a claim upon which relief could be granted.

The trial court held that plaintiff failed to state a claim for abuse of legal process because he did not allege any actions by defendants that constituted an improper use of legal process.  It also found that he failed to state a claim for malicious prosecution because the criminal court found probable cause for the charges and the proceedings had not yet terminated.  Finally, it concluded that defendants were immune from plaintiff's claims.  It therefore granted the motion to dismiss.  Plaintiff appealed to this Court.  We affirmed the dismissal in December 2025 because the facts as alleged showed that defendants were absolutely immune from suit.  Rivard v. Windham State Att'y, No. 25-AP-305, 2025 WL 3498177, at \*2 (Vt. Dec. 5, 2025) (unpub. mem.), https://www.vtcourts.gov/sites/default/files/documents/eo25-305.pdf.

In January 2026, plaintiff moved for relief from judgment pursuant to Vermont Rule of Civil Procedure 60(b).  He asserted that earlier that month, the criminal charges against him had

---

\*    Plaintiff subsequently agreed to dismiss the State and the Department of State's Attorneys and Sheriffs from the case.

been dismissed and he had settled a related civil action against the school. He argued that this constituted newly discovered evidence justifying relief. He further asserted that defendant Congdon withheld exculpatory evidence to "prevent[] full adjudication of immunity" and thus engaged in fraud. Alternatively, he argued that the court should grant relief under Rule 60(b)(6) to avoid injustice.

The trial court denied the motion. It reasoned that even if the State's dismissal of the underlying criminal charges constituted a favorable termination of the litigation, the dismissal did not demonstrate that there was no probable cause for the charged offenses or establish or suggest an abuse of legal process. Thus, plaintiff's new allegations did not cure his prior failure to state a claim. The court further reasoned that plaintiff's motion failed to address defendants' immunity from suit.

Plaintiff moved for reconsideration, arguing that he had alleged that defendants engaged in pre-charge investigative misconduct by altering documents, failing to verify whether the school was public or private, withholding exculpatory evidence, and relying on a defective no-trespass order. He argued that these were investigative acts to which prosecutorial immunity did not apply. The court denied the motion, concluding that the alleged acts involved core prosecutorial functions for which defendants were absolutely immune. This appeal followed.

Vermont Rule of Civil Procedure 60(b) authorizes the trial court to vacate an order for six enumerated reasons, including "newly discovered evidence," "fraud," or "any other reason justifying relief from operation of the judgment." VR.C.P. 60(b)(2), (3), (6). A motion under Rule 60(b) "is addressed to the discretion of the trial court and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc., 149 Vt. 365, 368 (1988) (quotation omitted).

The trial court acted within its discretion in denying plaintiff's motion for relief from judgment. As the court explained, under Vermont law prosecutors have absolute immunity from state-law claims arising from acts within the general scope of their authority. O'Connor v. Donovan, 2012 VT 27, ¶¶ 20-22, 191 Vt. 412. The acts alleged by plaintiff in his motion were all related to defendants' decision to file and prosecute criminal charges and therefore were protected by absolute immunity. Id.; see Levinsky v. Diamond, 151 Vt. 178, 186-87 (1989) (holding that prosecutorial decisions to file criminal charges, seek fugitive warrant, subpoena records in connection with investigation, and allegedly direct other prosecutors to lie at bail hearing were "within [prosecutor's] general scope of authority" and "shielded absolutely from any civil liability").

Plaintiff argues that absolute immunity only applies to "advocatory functions" and that the acts he alleged were investigative, citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976), and Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). As this Court explained in Levinsky v. Diamond, Vermont has not adopted the federal "functional analysis approach" for state-law claims against government officials. 151 Vt. at 186-87; see also O'Connor, 2012 VT 27, ¶ 21 n.4 (reaffirming Levinsky and overruling prior decisions to extent they limited state's attorney's absolute immunity in state tort actions to acts closely associated with litigation process). Even if we took this approach, however, we would conclude that the acts alleged by plaintiff were intimately associated with the core prosecutorial function, entitling defendants to immunity. See Peay v. Ajello, 470 F.3d 65, 67-68 (2d Cir. 2006) (holding, under federal approach, that absolute

immunity barred claims that prosecutor conspired to fabricate evidence, withhold exculpatory evidence, and intimidate defendant into accepting plea).

Because defendants are absolutely immune from liability for the acts alleged by plaintiff, we need not address plaintiff's arguments that the "newly discovered" facts in his motion, combined with his original complaint, are sufficient to state claims for malicious prosecution and abuse of legal process. We therefore deny plaintiff's motion to take judicial notice of various documents relating to those claims as moot. We have considered all of the remaining arguments discernible in plaintiff's briefs and conclude that they are without merit.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Nancy J. Waples, Associate Justice

_____
Michael P. Drescher, Associate Justice

3